UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER S.,<br><br>                Plaintiff,<br>    v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 2:24-cv-01674-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 4. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 6, Complaint.

      Plaintiff filed her application for SSI on February 21, 2020, alleging disability beginning July 1, 2003. AR 108. Plaintiff later amended her onset date to correspond with the application date. AR 41. The application was denied initially and upon reconsideration. AR 107-33. On January 11, 2022, ALJ Mary Kay Rauenzahn conducted a hearing. AR 35-54. On February 9, 2022, ALJ Rauenzahn issued an unfavorable decision finding plaintiff not to be disabled. AR 15-30. The Appeals Council denied review and plaintiff appealed to this Court. AR 1-6. On September 26, 2023, the

Honorable Brian A. Tsuchida issued an order reversing and remanding for further proceedings. *See Jennifer S. v. Comm'r of Soc. Sec.*, 2023 WL 6233914 (W.D. Wash. Sept. 26, 2023).

A second hearing was held on June 13, 2024, this time conducted by ALJ Laura Valente. AR 3000-19. On July 18, 2024, ALJ Valente issued an unfavorable decision finding plaintiff not disabled. AR 2975-93. The Appeals Council declined the request for review and plaintiff filed this appeal.

The ALJ determined that during the relevant period,[1] plaintiff had the following severe impairments: bipolar disorder, depressive disorder, social anxiety disorder, panic disorder, post-traumatic stress disorder (PTSD), specific learning disorder with impairment in reading and written language, substance use disorder, diabetes mellitus with neuropathy, obesity, degenerative disc disease of the cervical spine, right knee osteoarthritis, right shoulder osteoarthritis, and asthma. AR 2978. The ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) except:

> she could sit for 6 hours in an 8-hour day and stand/walk for 6 hours in an 8-hour day; could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; could never climb ladders, ropes, or scaffolds; could frequently perform bilateral fine fingering and handling; could occasionally reach overhead bilaterally; must avoid concentrated exposure to extreme cold and hazards; could carry out simple tasks; could have no in-person work with the general public but work with the general public by phone or computer was not precluded; could interact occasionally with coworkers; and could adapt to simple occasional workplace changes.

AR 2981-82. Based on hypotheticals posed to the vocational expert at the hearing, the

---

[1] Plaintiff filed a Title XVI application on January 5, 2023, and was found disabled as of that date. AR 2976. Thus, the relevant period here is between February 21, 2020, and January 4, 2023. AR 2976.

ALJ concluded plaintiff could perform work existing in significant numbers in the national economy during the relevant period and was accordingly not disabled. AR 2991-92.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* at 1010. Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because she failed to properly evaluate the medical evidence and improperly rejected plaintiff's subjective symptom testimony. Dkt. 10 at 1-2.

1. **Medical evidence.**

Plaintiff filed the claim on February 21, 2020, so the ALJ applied the 2017 regulations. *See* AR 2975. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those

3

from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. § 416.920c(a)–(b).

In *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022), the Ninth Circuit held that under the 2017 regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.* Plaintiff challenges the ALJ's assessment of the opinions of Dr. Portman, Dr. Mitchell, and her counselor, Rebecca McClinton. Dkt. 10 at 4-8.

**a.  T. C. Portman, Ph.D., and Melanie Edwards Mitchell, Psy.D.**

On December 30, 2019, Dr. Portman evaluated plaintiff and opined marked and severe limitations in 13 basic work activities. AR 1114-15. He found plaintiff's symptoms included dysphoric mood, anxiety, obsessive/compulsive behaviors, mistrust of others, isolating, and difficulty with focus, distractibility, task completion, and fidgetiness. AR 1113-14. Dr. Portman noted plaintiff had a history of failed relationships with abusive partners and a long history of addiction problems. AR 1114. In his mental status examination, he found plaintiff to have an anxious and remorseful mood and tearful affect. AR 1116. She was also noted as having anxiety arousing intrusive thoughts and had difficulty finding the office. *Id.*

4

1   On January 3, 2020, Dr. Mitchell, a non-examining physician, reviewed Dr.
2   Portman's evaluation along with previous evaluations from Dr. Uhl and Dr. Walker.[2] AR
3   1118. Dr. Mitchell opined nearly identical limitations to Dr. Portman. AR 1119.
4   The ALJ found Dr. Portman's opinion unpersuasive because it was rendered
5   before the relevant period at issue, was assessed in a check-box format without
6   accompaniment by a narrative explanation or supporting evidence, and the extent of the
7   limitations assessed were not entirely consistent with his mental status exam findings.
8   AR 2989. The ALJ found Dr. Mitchell's opinion unpersuasive for the same reasons and
9   because Dr. Mitchell did not review any treatment records or evidence other than the
10  three DSHS evaluations. *Id.*
11  Plaintiff argues that it was legal error for the ALJ to discount Dr. Portman's and
12  Dr. Mitchell's opinions on the basis that the opinions predated the period of disability.
13  Dkt. 10 at 7. She contends that because her conditions are chronic and progressive,
14  records predating her alleged onset date provide additional context and thus should
15  have been considered by the ALJ. *Id.* (citing *Seaich v. Kijakazi,* 2022 WL 17430269 (9th
16  Cir. Dec. 6, 2022)).
17  Plaintiff's argument is unavailing because the ALJ *did* consider the opinions. The
18  ALJ considered and discussed both opinions and ultimately found them unpersuasive,
19  in part, because they predated the alleged period of disability. AR 2989. An assertion
20  that evidence pre-dating the disability period provides a longitudinal perspective on
21  plaintiff's mental impairments does not satisfy the burden to show harmful error

---

[2] The ALJ also found the opinions of Dr. Uhl and Dr. Walker unpersuasive for similar reasons. AR 2988-89. Plaintiff does not challenge the ALJ's assessment of these opinions.

considering the evidence's limited relevance. *Whitehead v. Saul,* 830 Fed. Appx. 173, 174 (9th Cir. 2020); *see also Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Accordingly, the ALJ appropriately considered the dates of Drs. Portman and Mitchell's opinions when evaluating their persuasiveness.

Plaintiff also argues that the ALJ's rejection of the opinions on this basis was not supported by substantial evidence because "there are numerous records that support" the opinions. Dkt. 10 at 6. This is not a sufficient argument. "Bare assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'" *Sekiya v. Gates,* 508 F.3d 1198, 1200 (9th Cir. 2007).

Plaintiff asserts the ALJ erred by rejecting Dr. Portman's and Dr. Mitchell's opinions on the basis that the opinions are stated in a check-box format without accompanying explanation. Dkt. 10 at 5-6. She does not elaborate further. This is a conclusory argument which fails to satisfy the requirement that plaintiff argue issues "specifically and distinctly" in her opening brief. *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (internal citation omitted); *see also Raven E. v. Comm'r of Soc. Sec.,* 2022 WL 445663, at *2 (W.D. Wash. Feb. 14, 2022) (internal citations omitted) ("Plaintiff cannot merely make a statement and leave the Court to do counsel's work – framing the argument and putting flesh on its bones through a discussion of the applicable law and facts."). And, as noted by the Commissioner, the Ninth Circuit has consistently held that an ALJ may permissibly reject check-box

6

opinions that do not explain the bases for their conclusions. Dkt. 12 at 4 (citing *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).[3]

The ALJ also found Dr. Portman's and Dr. Mitchell's opinions unpersuasive because the extent of the limitations opined were not consistent with findings on mental status examination and because Dr. Mitchell did not review any of plaintiff's treatment records, only three previous DSHS evaluations. AR 2989. By failing to challenge these other reasons for discounting the opinions, plaintiff has not sufficiently argued these issues and the Court declines to address them. *See Carmickle,* 533 F.3d at 1161 n.2; *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments not raised by party in opening brief are deemed waived).

In sum, the ALJ did not err in her rejection of Dr. Portman's and Dr. Mitchell's opinions.

**b. Rebecca McClinton, LMHC**

Plaintiff's counselor, Rebecca McClinton, provided a letter in support of plaintiff's SSI claim on December 28, 2021. AR 2627. Ms. McClinton described plaintiff's symptoms and noted that she has required case management services and has experienced challenges with maintaining housing, parenting, and following through with

---

[3] In her reply brief, plaintiff challenges the Commissioner's reliance on *Molina,* asserting that *Molina* has been overruled by statute. Dkt. 13 at 2. The Ninth Circuit noted in *Philpot v. Bisignano,* 2025 WL 2452054, at *1 (9th Cir. Aug. 26, 2025), that *Molina* was superseded in part by 20 C.F.R. § 404.1502(a), which pertains to the definition of an acceptable medical source. The definition of an acceptable medical source does not impact the holding in *Molina* regarding check-box opinions. Further, the Ninth Circuit has continued to affirm their stance on this point. *See, e.g.*, *Ford v. Saul,* 950 F.3d 1141, 1155 (9th Cir. 2020) (internal citations and quotation marks omitted) ("While an opinion cannot be rejected merely for being expressed as answers to a check-the-box questionnaire, the ALJ may permissibly reject check-off reports that do not contain any explanation for the bases of their conclusions."); *Pickett v. King,* 2024 WL 5398771, at *2 (9th Cir. Feb. 10, 2025) (internal citations and quotation marks omitted) ("An ALJ may also reject an opinion that is brief, conclusory, and inadequately supported by clinical findings, provided on a check-box form with little to no explanation, or that lacks support in the record as a whole.").

meeting her medical needs. *Id.* She stated that plaintiff's trauma triggers create anxiety, irritability, and mood instability which impact her relationships, follow-through, and activities of daily living. *Id.* Ms. McClinton also opined that plaintiff's symptoms have never been stable enough to pursue employment. *Id.*

The ALJ found Counselor McClinton's opinion unpersuasive because she did not explain plaintiff's abilities on a specific function-by-function basis and instead cited plaintiff's subjective symptoms without reference to supporting evidence. AR 2990. Plaintiff argues that this was not a sufficient reason to discount Ms. McClinton's opinion because "the ALJ was required to consider this along with the other evidence in the record." Dkt. 10 at 7.

Plaintiff's argument here is unclear, as there is no indication the ALJ considered Ms. McClinton's opinion outside the context of the record. And the Ninth Circuit has found it reasonable for an ALJ to reject a medical opinion that does not provide useful statements regarding the degree of a claimant's limitations. *See Ford v. Saul,* 950 F.3d 1141, 1156 (9th Cir. 2020); *see also Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999) (finding the identification of characteristics that might limit claimant's ability to work without explanation of how they precluded work activity was insufficient to show how symptoms translated into specific functional deficits).

The ALJ also found Counselor McClinton's statement unpersuasive because her longitudinal treatment records did not document significant or frequent mood lability or extreme symptoms; the record showed plaintiff was consistently able to engage effectively despite occasional anxious mood and affect, tangentiality, and pressured speech. AR 2990. The ALJ noted that Ms. McClinton's statement regarding plaintiff's

ability to pursue employment was conclusory and spoke to the ultimate issue of disability, which is a determination reserved to the Commissioner. *Id.*

Plaintiff argues the ALJ erroneously found Ms. McClinton's opinion unsupported and inconsistent but does not explain why such findings were erroneous. Dkt. 10 at 7. Plaintiff has thus fallen short of her burden to show the ALJ harmfully erred. *See Indep. Towers,* 350 F.3d at 930-31 ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court…We require contentions to be accompanied by reasons.").

Finally, plaintiff contends that the ALJ's findings are not supported by substantial evidence because the ALJ did not consider the record as a whole. Dkt. 10 at 7. There is no indication the ALJ failed to consider the entire record, and the Court will not comb through the record to find evidence that supports plaintiff's arguments. *See Burrell v. Colvin,* 775 F.3d 1133, 1138 (9th Cir. 2014) ("Our decisions make clear that we may not take a general finding…and comb the administrative record to find specific conflicts."). By failing to cite any evidence the ALJ supposedly overlooked, plaintiff has not met her burden to show harmful error.

The ALJ therefore did not err in evaluating Ms. McClinton's opinion.

**2. Plaintiff's Statements About Symptoms and Limitations**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is

9

present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim,* 763 F.3d at 1164.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

In this case, the ALJ properly determined that plaintiff's activities of daily living were inconsistent with her claims of debilitating limitations. As plaintiff reported, she was taking care of a friend by providing good company and making him laugh, in July 2020, and was busy helping her landlord with dishes and other matters in December 2020. AR 46-47, 2938-2944. Plaintiff stated that she may have a problem initially applying for work, but "once I got there, I, probably would enjoy myself." AR 47. Plaintiff had received a truck, was eligible for her driver's license after completing an ignition

interlock requirement, and she needed to complete the written driving examination. AR 3006. She also stated that she could do stretching and resistance exercises, and was walking each day for about 20 minutes. AR 3980.

These statements by plaintiff are inconsistent with her other remarks about not being able to interact with people due to anxiety, not being able to stand, requiring help with grocery shopping, and needing to use a wheelchair and cane due to debilitating lower back pain. The ALJ's decision that plaintiff's statements about symptoms and limitations were not credible is therefore supported by more than a scintilla of evidence, and the Court should affirm. *See Biestek,* 139 S. Ct. at 1153-54. The ALJ identified one clear and convincing reason for discounting plaintiff's statements about symptoms and limitations, supported by substantial evidence, and the Court will therefore decline to review the other reasons. An error that is inconsequential to the non-disability determination is harmless. *See Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006).

**3. The ALJ did not harmfully err in the assessment of plaintiff's RFC**

Plaintiff asserts the ALJ should have included additional limitations in the RFC, but as discussed above, the ALJ properly discounted the opinions of the medical providers, and properly found plaintiff's statements about symptoms and limitations to be not credible based on her activities of daily living. The ALJ based the RFC on evidence that the ALJ found to be persuasive, or based on limitations that were reduced after the ALJ found evidence of greater limitations to be unpersuasive. The ALJ is not required to include in the RFC an assessment for any condition or limitation about which the ALJ has properly found evidence to be unpersuasive. *See Bayliss v. Barnhart,* 427

1  F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for medical
2  conditions or impairments that the ALJ found neither credible nor supported by the
3  record is unnecessary").

## CONCLUSION

For these reasons, the ALJ's decision is affirmed.

Dated this 14th day of December, 2026.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge